UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BERNITA R. JACKSON, | ) | NO. CV 14-1241 AGR |
| Plaintiff, | ) | |
| v. | ) | |
| CAROLYN W. COLVIN, | ) | MEMORANDUM OPINION AND ORDER |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Bernita R. Jackson filed this action on March 3, 2014. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 9, 10.) On December 4, 2014, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands this matter for proceedings consistent with this opinion.

# I.

# **PROCEDURAL BACKGROUND**

On April 13, 2011, Jackson filed applications for disability insurance benefits and supplemental security income, alleging an onset date of November 1, 2008. Administrative Record ("AR") 17, 105, 112. The applications were denied. AR 59-60. Jackson requested a hearing before an Administrative Law Judge ("ALJ"). AR 70. On June 20, 2012, the ALJ conducted a hearing at which Jackson and a vocational expert testified. AR 34-58. On August 2, 2012, the ALJ issued a decision denying benefits. AR 14-24. On December 23, 2013, the Appeals Council denied the request for review. AR 7-9. This action followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Jackson has the severe impairments of degenerative disc disease at L4-L5, facet osteoarthritis, multilevel degenerative disc and joint disease of the cervical spine, and arthritic changes affecting the left shoulder. AR 19. She has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand, walk or sit for 6 hours in an 8-hour day; and occasionally climb and stoop. AR 20. Jackson is capable of performing past relevant work as a child monitor. AR 23.

## C. Past Relevant Work

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle v. Comm'r*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). Past relevant work is work that

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

3

the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it. 20 C.F.R. § 404.1560(b)(1).

"Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id.* at 845; Social Security Ruling ("SSR") 82-62;[2] *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e).

The ALJ found that Jackson is capable of performing past relevant work as a child monitor, as actually performed. AR 23. A job constitutes "past relevant work" if it was performed (1) at substantial gainful activity (SGA) levels; (2) long enough for the individual to learn the techniques, acquire information and develop the facility needed for average performance in the job; and (3) within the past 15 years. 20 C.F.R. §§ 404.1574, 416.974. The Commissioner concedes that Plaintiff's reported earnings fell short of SGA levels "and therefore her past work would not generally constitute SGA." JS at 10.

This matter must be remanded for further proceedings at step four and, if appropriate, step five of the sequential analysis. Although the Commissioner argues that the error is harmless because Jackson would be found not disabled at step five, the ALJ should make that determination in the first instance.

---

[2] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

4

**D.     Credibility**

Jackson contends the ALJ erred in discounting her subjective symptom testimony.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (citation and quotation marks omitted).  "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints[.]'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

In weighing credibility, the ALJ may consider factors including:  the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation."  *Bunnell*, 947 F.2d at 346 (citing SSR 88-13) (quotation marks omitted).  The ALJ may consider:  (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

5

Jackson testified that, due to pain, she needs help getting out of bed, can walk or stand for less than five minutes, cannot climb up and down stairs, and requires the use of a cane. AR 22-23, 43-44. Sometimes her right arm gives out, and she has numbness or tingling in her feet and fingers. AR 45, 47.

The ALJ discounted Jackson's credibility on the following grounds (1) objective medical evidence refutes the severity of pain and suggests exaggeration of pain symptoms; (2) evidence of medication noncompliance; and (3) largely conservative treatment. AR 22.

Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ discussed the evidence and cited specific findings in the record. AR 21-23. The MRI of the lumbar spine, dated January 25, 2011, showed mild-to-moderate right posterolateral/foraminal disk protrusion at L4-L5, with mild left neural foraminal stenosis; possible minimal disk bulge at L5-S1; facet osteoarthritis throughout the lumbar spine; and small hemangioma in the T12 vertebral body. AR 21, 185. Orthopedic clinic examinations generally showed no evidence of related neurological deficits, abnormal related orthopedic testing or other acute findings suggestive of a serious back condition. AR 21, 312. A July 2011 consultative examination report showed negative straight leg raising, normal gait, and normal neurological and musculoskeletal findings. AR 21-22, 190-91. MRI testing of the cervical spine in October 2011 showed moderate degenerative disc disease of the mid-cervical spine, but no evidence of any central canal stenosis or neural foraminal narrowing. AR 21, 262-63. X-rays of the shoulders showed no evidence of acute fracture or dislocation in the right shoulder, and subtle arthritic change noted in the left shoulder. AR 21, 243.

In addition, as the ALJ noted, Jackson reported pain of 6/10 on February 6, 2012. AR 22, 273. However, on the pain worksheet, her pain was rated as 1/10

6

with no difficulties with activities and no distress observed, despite the fact that Jackson reported being out of medication for three days. AR 273-74. The ALJ noted some medication noncompliance when Jackson ran out of medications. AR 22, 276, 287. "[U]nexplained or inadequately explained failure to . . . follow a prescribed course of treatment" is a relevant factor in weighing a plaintiff's credibility. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

The ALJ found no medical source statement establishing medical necessity for use of a cane. AR 22. Treatment records did not indicate persistent and significant gait impairment. The examining physician noted on July 6, 2011, that Jackson was able to ambulate without an assistive device and to perform tandem gait. AR 188, 191.

Finally, "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citation omitted). The ALJ found that the record "reflects largely conservative treatment" of pain medication, physical therapy, episodic Toradol and cervical steroid injections,[3] and a cane.[4] AR 22, 134, 289, 304, 308, 314, 318; *see also Tommasetti*, 533 F.3d at 1040 (describing physical therapy, the use of anti-inflammatory medication, and lumbosacral corset as conservative treatment); *Contreras v. Astrue*, 2009 WL 196153, *6 (N.D. Cal. 2009) (periodic cortisone injections constitute conservative treatment).[5]

---

[3] Toradol is in a group of drugs called nonsteroidal anti-inflammatory drugs. Medline Plus, http://www.nlm.nih.gov/medlineplus/druginfo/meds/a693001.html (last visited Jan. 13, 2015).

[4] The ALJ found no treating source statement establishing the medical necessity for a cane. AR 22. The ALJ noted that a consultative examiner reported normal gait and opined that Jackson did not require an assistive device to ambulate. AR 22, 192.

[5] Even assuming the ALJ erred in discounting Jackson's credibility based on conservative treatment, remand is not necessarily warranted. In *Carmickle*, 533 F.3d at 1155, the Ninth Circuit concluded that two of the ALJ's reasons for

7

"If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)). The ALJ did not err.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: January 29, 2015

　　　　　　　　　　　　　　　　　　　／s／ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge

---

making an adverse credibility finding were invalid. However, when an ALJ provides specific reasons for discounting the claimant's credibility, the question is whether the ALJs decision remains legally valid, despite such error, based on the ALJ's "remaining reasoning and *ultimate credibility determination*." *Id.* at 1162 (italics in original). Therefore, when, as here, an ALJ articulates specific reasons for discounting a claimant's credibility, reliance on an illegitimate reason(s) among others does not automatically result in a remand. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). In light of the ALJ's valid reasons for discounting Jackson's credibility and the record as a whole, substantial evidence supported the ALJ's credibility finding. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (error was harmless even if record did not support one of four reasons for discounting claimant's testimony).